UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MICHAEL L. MIDDLETON,<br><br>Plaintiff,<br><br>v.<br><br>SENTRY CREDIT, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:21-cv-00155<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MICHAEL L. MIDDLETON ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of SENTRY CREDIT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Bankruptcy Discharge Injunction ("Discharge Injunction") pursuant to 11 U.S.C. § 524, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §139 as Defendant conducts business in the Northern District of Texas and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Howard County, Texas, which is within the Northern District of Texas.

5. Defendant is a third-party debt collector. Defendant is a corporation organized under the laws of the state of Washington with its principal place of business located at 2809 Grand Avenue, Everett, Washington 98201.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## BANKRUPTCY CASE

7. Several years ago, Plaintiff rented a residential apartment from Carmel at Deerfield Apartments ("Carmel").

8. Plaintiff was unable to keep up with timely payments in connection with his Carmel account, thus incurring debt ("subject debt").

9. Due to financial hardship, on November 22, 2019, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Texas, Case Number 19-10281-rlj7 ("bankruptcy").

10. Schedule E/F of the bankruptcy petition contained the subject debt, and further listed Carmel as an entity to be provided with notice regarding the subject debt.

11. Subsequently, the Bankruptcy Noticing Center ("BNC") served Carmel with notice of Plaintiff's Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

12. On March 26, 2020, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt.

13. Upon information and belief, Carmel was served with the Order of Discharge shortly after March 26, 2020.

14. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by Defendant.

15. Plaintiff's personal liability on the subject debt was extinguished via his bankruptcy discharge, thus terminating any business and contractual relationship Plaintiff may have had with Carmel or any subsequent owners of the subject debt, including Defendant.

## DEFENDANT'S POST-DISCHARGE COMMUNICATIONS

16. After the Order of Discharge, Carmel placed the subject debt with Defendant for collection purposes.

17. Upon information and belief, Defendant was aware that the subject debt was uncollectible as a result of the Order of Discharge.

18. On May 21, 2021, Defendant mailed or caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject debt.

19. Defendant's May 21st collection letter reflected an amount due of $6,705.11 and included the following section:

> YOU ARE HEREBY NOTIFIED:
> 1. That the above account has been referred to us for collection.
> 2. That the above entitled account is in default and your attention is needed to resolve this matter.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## DAMAGES

20. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the discharged subject debt as he was led to believe that his bankruptcy had no legal effect. Defendant's May 21st collection letter was highly confusing to Plaintiff.

21. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt.

22. Concerned about the violations of his rights and protections afforded by his bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts allegedly owed to a third party.

27. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

28. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its debt collection efforts on a debt discharged in bankruptcy.

   a. **Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by that or that any communication for the collection of a debt." 15 U.S.C. §1692e(2); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §1692e by making false representations in its attempts to collect the subject debt as the subject debt was not owed at the times Defendant made attempts to collect upon the subject debt.

32. Defendant further violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the times Defendant attempted to collect because it was discharged in Plaintiff's bankruptcy.

33. Moreover, Defendant violated §1692e(10) when it falsely represented that the subject debt was collectible at the times of the attempts to collect upon the subject debt, as the subject debt was not owed by virtue of Plaintiff's bankruptcy discharge.

   b. **Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. In addition, this section enumerates specific violations, such as:

> The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the <u>debt</u> or permitted by law.15 U.S.C. §1692f(1).

36. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the discharge injunction precludes collection of any discharged debt.

37. As pled in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MICHAEL L. MIDDLETON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE DISCHARGE INJUNCTION

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

   **a. Section 11 U.S.C. § 524(a)(2)**

39. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

40. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

41. Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr. N.D. Ill. 1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id.*

### b. Defendant's conduct was perpetual, willful, and wanton

42. Defendant violated the discharge injunction by willfully attempting to collect the subject debt when Carmel had actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

43. Carmel received written notice of Plaintiff's bankruptcy discharge by the BNC.

44. Upon information and belief, Carmel communicated knowledge of Plaintiff's bankruptcy case to Defendant, by virtue of placing the subject debt with Defendant for collection.

45. Defendant then attempted to unlawfully collect upon the discharged subject debt, by mailing a collection letter on May 21, 2021.

46. Defendant should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

47. Defendant's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

48. Based on the broad language of the Bankruptcy Code, Defendant willfully sought to collect a debt from Plaintiff in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff, MICHAEL L. MIDDLETON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Hold Defendant in civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

b. Order Defendant to pay Plaintiff for his actual damages, in an amount to be determined by the Court, as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

c. Order Defendant to pay punitive damages, in an amount to be determined by the Court, for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

d. Order Defendant to pay Plaintiff his reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Provide such other and further relief as the Court may deem just and proper;

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

51. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

52. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

53. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

54. Defendant violated the TDCA when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the times Defendant attempted to collect because it was discharged in Plaintiff's bankruptcy. Form its actions, it was Defendant's goal to collect upon a debt that Plaintiff does not owe.

WHEREFORE, Plaintiff, MICHAEL L. MIDDLETON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 18, 2021                                    Respectfully submitted,

s/ Nathan C. Volheim                                      s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                          Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*                                   *Counsel for Plaintiff*
Admitted in the Northern District of Texas                Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                  Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                       2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                   Lombard, Illinois 60148
(630) 568-3056 (phone)                                    (331) 307-7648 (phone)

(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

(630) 575-8188 (fax)  
ecoleman@sulaimanlaw.com

<u>s/Alejandro E. Figueroa</u>  
Alejandro E. Figueroa, Esq. #6323891  
*Counsel for Plaintiff*  
Admitted in the Northern District of Texas  
Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois 60148  
(630) 575-8181 Ext. 120 (phone)  
(630) 575-8188 (fax)  
alejandrof@sulaimanlaw.com